# UNITED STATES DISTRICT COURT

Southern Distric of Florida

FELIX G. TORRES,

        Plaintiff,

v.

ALLIED PILOTS ASSOCIATION,

        Defendant.

_____/



FILED BY _____ D.C.

APR 12 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PLAINTIFF DEMANDS TRIAL BY JURY

Felix G. Torres
Mailing Address:
Cond. Lagomar
7 Laguna Avenue, Apt. PH-D
Carolina, Puerto Rico 00979
(787) 525-9337

## **COMPLAINT**

COMES NOW, Plaintiff, Felix G. Torres, and hereby files his Complaint against the Defendant, ALLIED PILOTS ASSOCIATION, and says:

### **I.   JURISDICTION AND VENUE**

1.    Plaintiff Felix G. Torres on behalf of himself brings this action against defendant Allied Pilots Association (the "APA").  The suit is based upon defendant's breach of its duty of fair representation, and arises under the Railway Labor Act ("RLA"), 45 U.S.C.§§ 151, (1976) *et.seq.* and pursuant to Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act (ADEA) of 1967as amended and nat. origin This Court has original federal question  Jurisdiction over the claims asserted by Plaintiff pursuant to 28 U.S.C. §§ 1331 and 1337.   Venue is proper pursuant to 45 U.S.C. §§ 153 (q) and  (p) since defendant has either contacts in Puerto Rico, and the Plaintiff resides in the US Commonwealth of Puerto Rico and is subject to personal  jurisdiction.  Venue is also proper pursuant to 28 U.S.C. § 1391 (b) and (c)

### **II.  PARTIES**

2.    Plaintiff, Felix G. Torres ("Torres"), is a citizen of the United States, who resides in the US Commonwealth of Puerto Rico  At all times relevant to the facts and claims asserted herein, Plaintiff had been a member in good standing of the Defendant Allied Pilots Association and a pilot who is covered under the Collective Bargaining Agreement between American Airlines, Inc., ("American") and the pilots of American Airlines as represented by the Allied Pilots Association.

3.    Defendant Allied Pilots Association (the "APA") is a labor organization with its

principal office in the State of Texas.  The APA has been accorded exclusive recognition, and is the exclusive representative of the pilot employees in the service of American Airlines, Inc., ("American") or "AA") is and was entitled to act for, and negotiate collective bargaining agreements covering all pilots in the bargaining unit.

### III. FACTUAL BACKGROUND

### <u>Employment History</u>

4.     In May 1987, Plaintiff Felix Torres was hired as a Commercial Pilot for the wholly owned carrier of American Airlines, Inc., "American Eagle Airlines".  Since 1987 Plaintiff had enjoyed a successful career as a pilot for the entire 23 years.

5.    Plaintiff transferred to American Airlines, Inc.in January 2011 by virtue of the flow thru agreement between American Airlines, Inc., the pilots of American Airlines and the pilots of American Eagle as represented by the Allied Pilots Association (APA) and the Airline Pilots Association (ALPA) respectively.  American Eagle pilots who flowed through from American Eagle to American Airlines became active members of the Allied Pilots Association.

6.     When Plaintiff, who was one of the initial flow thru pilots, transferred to American Airlines, Inc. he was a highly qualified individual, serving as a line check airman for eleven (11) years, and had always held a FAA First Class Medical Certificate.

7.     After more than twenty three (23) years of unblemished service with an AMR Corporation, on or about May 09, 2011, Plaintiff was terminated from his position as a pilot, without prior notice or warning, purportedly for failure to successfully complete training.  This, after Plaintiff was subjected to numerous training irregularities and lengthy interruptions in training, and as known by the Allied Pilots Association, an animosity by the American Airlines

Training Department toward Eagle flow thru pilots, forcing many older senior Eagle Captains to retire instead of completing training.

8.. It was later learned that many in the training department, including management pilots expressed a discriminatory animus toward Eagle flow thru pilots based on their ethnicity, referring to the initial Eagle flow thru pilots as "The Dirty Thirty" and a bunch of Hispanics who did not even speak English.  Many of the flow thru pilots had come from the San Juan, Puerto Rico base.

9.     All Eagle pilots are proficient in English as is required by the Federal Aviation Administration.

10.     On May 11, 2011, following my termination, I  filed Grievance No. 11-031 protesting the Company's action in terminating me.

11..     Since Plaintiff's termination APA did not make any attempt to move Plaintiff's grievance forward for many years, claiming that we haven't heard anything from AA yet, when in fact APA is responsible for taking the initiative for moving grievances forward.

12. In addition to failing to move Plaintiff's grievance forward, APA attempted to exclude Plaintiff from a Company Equity Distribution to which Plaintiff was clearly entitled to as a pilot Terminated Awaiting Grievance (TAG).  This was evidenced by APA's own internal documents yet APA attorney, Mark Myers attempted to conceal Plaintiff's entitlement to the Equity Distribution which was challenged by Plaintiff.

13..     Despite Plaintiff's continued request to participate in the selection process of the arbitrator and available dates, a privilege other grievant's were afforded, APA never allowed Plaintiff to participate.  Instead, APA scheduled the arbitration without accounting for Plaintiff's

scheduling conflict and continuously threatened Plaintiff to cancel the arbitration if Plaintiff did not attend after Plaintiff had waited nine (9) years for his arbitration.

14.     During Plaintiff's one and only scheduled meeting to prepare for the arbitration at APA Headquarters, under the guise of settlement discussions, APA allowed AA Representatives to interfere in his preparation time, and under pressure intimidate Plaintiff into accepting an unreasonable settlement offer, stating you will never get back to American Airlines because you are not the "type" of pilot AA hires..

15.     Without notice or consent, APA contacted Plaintiff's employer/s to request union time off, to attend an arbitration hearing that Plaintiff previously informed APA that he could not attend, due to a scheduling conflict.  In effect this was notice to Plaintiff's employer/s that Plaintiff had a termination grievance and was seeking reinstatement to his position as a pilot for American Airlines.

16.     Despite limited arbitration preparation with APA who had not sought any training experts to declare on his behalf, Plaintiff had to seek out experts on his own.  When Plaintiff advised APA about the experts heI found ,he was advised, "APA WILL NOT PAY FOR THEM.": Honoraries, transportation, and hotels "WILL HAVE TO GO ON YOU.".

17.  Despite my willingness to cover their expenses, APA allowed only one, and refused the training expert, Captain Corby when he advised  APA, that they would easily loose the arbitration if conducted as planned.

18.   Plaintiff's arbitration took place December 1-3, 2020 via video conference, some nine years (9) after Plaintiff's grievance was first filed.

19.   APA filed a post hearing brief with Arbitrator, Barry E. Simon on or about February 5, 2021 in lieu of closing arguments, at which time the record was closed.

20. APA never raised the issue of the discriminatory animus of AA training pilots toward Eagle flow thru pilots during the arbitral process.

21. Despite the fact that Plaintiff's arbitration took place in December 2020, Plaintiff did not receive the decision and award and related documents until October 20, 2021.

22. The Grievance was denied in part and alternate relief was granted.

23. Based upon the record before the System Board, it was determined that American's determination to discharge Grievant was for just cause, but it was the Boards conclusion due to the particular circumstances involved, that Grievant should be given an opportunity to reapply for a position as a First Officer with the company, without his failure to qualify on the MD-80 being a disqualifying factor and absent good and relevant reasons, the Company shall give the Grievant's application "favorable consideration". Grievant was given sixty (60) days from the date that pilot applications are being accepted by the company to exercise his right to reapply for employment. In applying it was determined that Grievant may answer "*No*" to any questions whether he had a negative training event at American Airlines or whether he had been terminated by the Company. *"Union was to notify Grievant by (e mail and Certified Mail) when applications are being accepted by the company"*. Felix Torres has fully informed union of his contact information which has remained unchanged for the past 10 years.

24. Plaintiff, Felix Torres recently learned that American Airlines has hired pilots. The time and date that American began accepting applications and hiring pilots is unknown to Plaintiff.

25.. APA is in violation of Arbitrator Barry E. Simon's decision and award. APA has never notified Grievant, Felix Torres via Certified Mail or r-mail that applications were being accepted by the company.

26.     As a result of APA's delays in moving Plaintiff, Felix Torres arbitration forward for nearly 10 years and  based on the decision and award signed by Arbitrator Barry E. Simon and APA's failure to notify Felix Torres of American's recent hiring practices, amounts to a violation of APA's duty to fairly represent.

## CONCLUSION

Plaintiff Felix Torres has been held out of service from his job as a pilot with American Airlines for nearly ten years now.  APA's failure to move Plaintiff's grievance forward during the ten (10) year time period; APA's disregard of the discriminatory animus Eagle pilots were subjected to was intentional, invidious, and directed at Felix Torres and APA's  perfunctory preparation of FO Torres Grievance by his union representatives, and their failure to fairly represent Plaintiff amounts to APA's violation of its duty owed to FO Torres.

## IV.  CAUSE OF ACTION

### COUNT 1: BREACH OF THE DUTY OF FAIR REPRESENATION IN VIOLATION OF THE RAILWAY LABOR ACT

27.     Plaintiff incorporates the allegations contained in Paragraphs above as if fully stated herein and says further that:

28.     The failure of the Defendant Allied Pilots Association to fairly represent Plaintiff Felix Torres, who had been wrongfully terminated by American Airlines is a breach of the APA's duty to fairly represent Felix Torres, who was and/or is a member of the Allied Pilots Association.

29.     The effect of Defendant's failure to fairly represent Felix Torres in a reasonable manner is a violation of the Railway Labor Act.

30.     But for the arbitrary, discriminatory and deliberate, bad faith actions of the APA, in regard to Plaintiff, Felix Torres grievance and his arbitral decision and award would have

enjoyed him the same employee pay and benefits as enjoyed by other pilot members of the Allied Pilots Association

## V.   PRAYER FOR RELIEF

**WHEREFORE,** Felix Torres respectfully request that the Court enter judgment in his favor against the Allied Pilots Association for damages resulting from the breach of duty of fair representation of pilot Torres, consisting, among other things, of compensation for lost benefits and/or wages, due to the arbitrary, discriminatory, and bad faith acts of the APA in the perfunctory handling of his grievance/decision and award.  Defendant prays that the Court will make FO Torres whole by awarding him the pay, senority and/or benefits allowed other pilot members (plus interest) and cost of suit;

     i.    Award such further relief as the Court deems just and proper.

Respectfully submitted this 11th day of April, 2022.

Felix G. Torres
Cond. Lagomar
7 :Laguna Avenue, Apt. PH-D
Carolina, Puerto Rico 00979